**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  03-60129-CIV-MARRA**

STEVEN BROTHER,

     Plaintiff,

vs.

BFP INVESTMENTS, LTD., as Florida
limited partnership, GALT OCEAN MANOR
CONDOMINIUM ASSOCIATION, INC., and
TRIBECA STEAK AND CHOP HOUSE, INC.,
d/b/a Ocean Manor Resort Hotel,

     Defendants.

_____/

## REVISED REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Steven Brother's ("Brother") Motion for

Contempt and for Court Enforcement of Order and Judgment (D.E. #52). This matter was

referred to the undersigned United States Magistrate Judge by the Honorable Kenneth A.

Marra, United States District Court for the Southern District of Florida, for evidentiary

hearing and report and recommendation.  The matter is now ripe for judicial review.[1]

At the outset, the undersigned notes that Defendant, Galt Ocean Manor

Condominium Association, Inc. ("Galt Ocean"), has failed to file a response to the Motion

as required by the L.R. 7.1C, Local Rules for the Southern District of Florida, has failed to

comply with the terms of the undersigned's Order treating Brother's initial Motion for

Contempt as a Motion to Compel and granting the Motion (D.E. #55), and has failed to

---

[1]  This "Revised" Report and Recommendation was prompted by the Objections
filed to the undersigned's original Report and Recommendation dated May 5, 2010.
Upon consideration of the objections filed, the Court has cured what she believes to
have been an inconsistency in rulings. In all other respects, the undersigned stands by
the Report and Recommendation as originally entered.

respond to an Order to Show Cause issued by the undersigned on March 16, 2010 (D.E. #56). For the following reasons, the undersigned respectfully recommends Brother's Motion for Contempt and for Court Enforcement of Order and Judgment be granted, either by default if Galt Ocean, properly represented by counsel, fails to appear at an evidentiary hearing to be scheduled in the future before the District Court and show cause for its intentional and contumacious conduct, or on the merits, if Galt Ocean does appear at said hearing, properly represented by counsel, and fails to show an "inability" to comply with the District Court's Judgment and Order.

## RELIEF SOUGHT

By this Motion Plaintiff, Steven Brother requests an order be entered  finding Defendant Galt Ocean  in contempt of Court for failing to abide by the District Court's March 30, 2005 Judgment and Order which required that Galt Ocean conduct certain alterations and modifications to the premises at Galt Ocean (the "Premises") (DE 45) ("Judgment and Order") .  Additionally, Brother seeks an order compelling Galt Ocean to abide by the Judgment and Order in this case, close the subject Premises to the public until all of the required alterations and modifications are completed, award Brother damages for Galt Ocean's alleged intentional breach and non-compliance,  and award Brother its attorney's fees, expert's fees, litigation expenses and costs incurred incident to this matter.

## STANDARD OF REVIEW

The jurisdiction of a magistrate judge derives from the Federal Magistrates Act, 28 U.S.C. §636.  Under 28 U.S.C. §636(e), in a non-consent case such as this, a magistrate judge may not exercise the contempt power of the district court.  Instead, when the act complained of constitutes a civil contempt or a criminal contempt occurring outside his or her presence, the magistrate judge must certify the relevant facts to the district judge and

serve the alleged contemnor with an order to show cause before the district judge why he or she should not be held in contempt on the basis of the certified facts. [2]

The certification of facts under Section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt. U.S. v. McCorkle, 2000 WL 33725124, *1 (M.D. Fla. Sept. 14, 2000). "On a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's noncompliance with a court order." Thomas v. Blue Cross Blue Shield Ass'n., 594 F.3d 813, 821 (11th Cir. 2010). To find contempt, there must be clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order. McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir.2000); see also Citronelle Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir.1991).

After the movant satisfies this burden, the burden then shifts to the alleged contemnor to explain his noncompliance at a show cause hearing before the District Court. Chairs v. Burgess, 143 F.3d 1432, 1436 (11th Cir.1998). To overcome a finding of contempt, the contemnor must prove that despite all reasonable efforts to comply with the court's order, compliance was impossible. In re Chase & Sanborn Corp., 872 F.2d 397, 400 (11th Cir.1989); United States v. Rylander, 460 U.S. 752, 756-57 (1983); United States v. Hayes, 722 F.2d 723, 725 (11th Cir. 1984). The non-moving party cannot prove impossibility to comply with the court's order through mere assertions. Hayes, 722 F.2d at 725. see also In re Chase & Sanborn Corp., 872 F.2d at 400 (respondent failed to meet burden of production of impossibility to comply in merely asserting that compliance with

---

[1]  U.S. v. McCorkle, 2000 WL 33725124, *1, n.2 (M.D. Fla. Sept. 14, 2000)("A person certified in contempt by a magistrate judge must be given an opportunity to present evidence in a hearing before the district judge.")(citing 28 U.S.C. §§ 636(b)(3) & 636(e) and FDIC v. LeGrand, 43 F.3d 163, 166-68 (5th Cir. 1995)).

discovery order would violate its domestic laws). The burden shifts back to the moving party only upon a sufficient showing by the alleged contemnor. Id.  At that point, the party seeking to show contempt, then has the burden of proving ability to comply.  Combs v. Ryan's Coat Co., 785 F.2d 970, 984 (11th Cir.), cert. denied, 479 U.S. 853 (1986) ("The party seeking the contempt citation retains the ultimate burden of proof ...").

### LIMITED CERTIFICATION OF FACTS

In accordance with 28 U.S.C. §636(e), the following facts are hereby certified to the District Court.. The undersigned notes that the following "certified facts" are necessarily limited inasmuch as they are taken directly from the record, from the pleadings and from the un-responded to Motion for Contempt. Despite having been provided ample opportunities to comply with the numerous orders entered in this case, and to comply with the District Court's Judgment and Order, Defendant has failed and refused to so comply, and by its lack of compliance has flouted the authority of the District Court the undersigned United States Magistrate Judge, and displayed a complete and total disregard for these proceedings and the judicial process in general.

Because Galt Ocean has not filed a response to the Motion at issue, or any other motion for that matter since entry of final judgment, the undersigned is unable to assess whether Galt Ocean has the "ability" to comply with the District Court's Order as required McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir.2000)(noting that to be found in contempt for failure to comply with a court order, the alleged contemnor must be determined, after an evidentiary hearing, to be "unable" to comply with the order); see also Citronelle Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir.1991). Accordingly, the "certified facts" listed below are necessarily limited. However, because of Galt Ocean's failure to respond to the Motion for Contempt in violation of L.R. 7.1C, Local Rules for the Southern District of Florida, and noting Galt Ocean's regular, continuous and

repeated failure to comply with Court Orders and attend court hearings, the undersigned recommends that should Galt Ocean, represented by counsel, fail to appear at a hearing to be scheduled in the future before the District Court and show cause for its intentional and contumacious conduct, then Galt Ocean's "ability" to comply with the District Court's Judgment and Order should be presumed, and Brother's Motion for Contempt should be granted by default. The limited certified facts are as follows:

Brother initially filed this action against Galt Ocean for injunctive relief and attorneys' and expert's fees, litigation expenses and costs, pursuant to 42 U.S.C. §12181, _et seq._, ("Americans With Disabilities Act" or "ADA") (DE #1).  Brother asserted that Galt Ocean's property, a resort hotel, commonly known as the Ocean Manor Resort Hotel, and located at 4040 Galt Ocean Drive, Fort Lauderdale, Florida, violated  the ADA and that Defendant discriminated against Plaintiff by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and accommodations offered by Defendant, and by failing to remove architectural barriers to allow access by individuals with disabilities. On March 30, 2005 the District Court granted Plaintiff's Motion for Final Summary Judgment and entered the subject Judgment and Order against Defendant Galt Ocean.  (D.E. #45). Galt Ocean's current failure to respond, both to the instant Motion as well as to the undersigned's several orders, is consistent with its inaction and failure to defend throughout these proceedings.[3]  This pattern of inaction by Galt Ocean shows a

---

[2]  See observation made by Judge Marra in his March 30, 1995 Order and Summary Judgment (D.E. #45), wherein he stated:

complete and utter disregard for the legal process and a total lack of respect for the Court.

The Judgment and Order of the District Court sets forth with specificity certain modifications and alterations Galt Ocean was to make to the subject facility, and the time frame therefor. Page 23, paragraph 3 of the Order and Judgment provides, *inter alia*:

> Defendant Galt Ocean Manor Condominium Association, Inc. shall make all alterations and modifications referenced in section II.B.1 (ADA Violations - Barriers to Access), pages 4 - 10 of this Order, to the Ocean Manor Resort Hotel, located at 4040 Galt Ocean Drive, Fort Lauderdale, Florida, on or before September 30, 2005. If the alterations and modifications are not completed in all respects by September 30, 2005, then the resort shall be closed to the public until all of the required alterations and modifications are completed.

Continuing at page 24, paragraph 5, the Order and Judgment provides:

> This Court retains jurisdiction of the above-styled action to assure Defendant's subsequent compliance with this judgment and the Americans With Disabilities Act.

Id.

According to the Motion filed by Brother, which has gone un-responded to, these

---

> Defendant Galt Ocean Manor Condominium Association, Inc. has failed to file a response to the Motion for Summary Judgment, which is in addition to its failure to obtain substitute counsel, fail[ed] to file a response to Plaintiff's motion regarding mediation (DE #31), fail[ed] to file a status report within thirty (30) days as required by this Court's Order Granting Leave to Withdraw (DE #33; 12/8/04), and fail[ed] to appear at the calendar call on January 21, 2005.

Id. at p.1.

modifications and alterations, long since overdue, have not been attended to. When the time for Galt Ocean to make the required modifications and alterations had passed without any action having been taken, Brother filed, on August 3, 2009, a Motion for Contempt and for Court Enforcement of Order and Judgment (D.E. #52), which the undersigned treated as a Motion to Compel and granted (D.E. #55).  In said Order, Galt Ocean was given fifteen (15) days in which  to obtain substitute counsel in the case and to have filed a Notice of Appearance on its behalf indicating same.  Id. at 1.  Galt Ocean was further ordered to have filed within that same fifteen (15) day time period, a statement from its newly retained counsel explaining Galt Ocean's position or otherwise show cause why a contempt order should not be entered against Galt Ocean for its failure to comply with Court Orders. Id. After such statement was filed by counsel for Galt Ocean, the undersigned intended to set the matter for evidentiary hearing. Lastly, the Order put Galt Ocean on Notice that its failure to comply with the terms of the Order may be grounds for recommending that Plaintiff's motion for contempt be granted by default. Id. at ¶2. When the deadline for complying with the undersigned's Order passed with no action taken on the part of Galt Ocean to comply, the undersigned issued, on March 16, 2010, an Order to Show Cause (the "Show Cause Order"). (D.E. #56).

In the Show Cause Order Galt Ocean was given ten (10) days to file a notice of substitution of counsel, or otherwise show cause why such failure should not result in the

undersigned recommending that Galt Ocean be found in contempt of Court. Id. at 1-2. The time for complying with the Show Cause Order, has long since passed, and Galt Ocean has still failed and refused to abide by that Order, or by any other court order for that matter.

## DISCUSSION

A party seeking a civil contempt order must prove by clear and convincing evidence that the alleged contemnor has violated a court order.  John/Jane Doe v. Jeb Bush, 261 F.3d 1037, 1047 (11th Cir. 2001)("a civil contempt order may be upheld only if the proof of the defendant's contempt is clear and convincing.")   "This clear and convincing proof must ... demonstrate that: 1) the allegedly violated order was valid and lawful;  2) the order was clear, definite and unambiguous;  and, 3) the alleged violator had the ability to comply with the order." McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir.2000)(internal marks and citation omitted);  John/Jane Doe v. Jeb Bush, 261 F.3d 1037, 1047 (11th Cir. 2001)(same). In civil contempt proceedings the focus of the court's inquiry is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue.  John/Jane Doe, 261 F.3d at 1516 (citing  Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir.1990)).  Civil contempt orders are reviewed for abuse of discretion. John/Jane Doe, 261 F.3d at 1516; Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1545-46 (11th Cir.1996).   And

findings of fact arising out of contempt proceedings are reviewed under the clearly erroneous standard.  John/Jane Doe, 261 F.3d at 1516; Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir.1991).

Here, there is or cannot be any dispute that the Judgment and Order was valid and lawful, as well as clear, definite and unambiguous.  McGregor, 206 F.3d at 1383.  Nor can there be any doubt that those matters subject to the Judgment and Order actually exist. U.S. v. Rizzo, 539 F.2d 458 (5th Cir. 1976).  Finally, unless at an evidentiary hearing before the District Court Galt Ocean can somehow show an inability to comply with the Judgment and Order, as well as the numerous other Orders entered by the undersigned United States Magistrate Judge, there is clear and convincing evidence that Galt Ocean has violated the District Court's Judgment and Order, as well as numerous orders of the undersigned.

The sequence of events that occurred following entry of the District Court's Judgment and Order could not be any plainer. Despite having been provided with ample and repeated opportunities to comply with the numerous orders entered in this case, Galt Ocean has failed and refused to so comply, and by its lack of compliance has flouted the authority of the District Court and displayed a complete and total disregard for these proceedings and the  judicial process in general.  It seems simple really: When a district court enters an order, that order should be followed — it should not be viewed as an

advisory opinion that one chooses to follow or not at his or her whim or convenience.  If Galt Ocean desired a modification of the District Court Order or additional time in which to comply with the Order's requirements, it should have filed a motion in that regard.  Clearly, Galt Ocean should not have done what it did in this instance and simply ignore the Order's dictates.

The District Court in this case, "retain[ed] jurisdiction of [this] action to ensure Defendant's subsequent compliance with [the Order and Judgment] and the Americans With Disability Act".  D.E. #45, p.5.  The undersigned finds the District Court's Order and Judgment to be valid and lawful, clear and definite and not in any way vague or ambiguous.  McGregor, 206 F.3d at 1383. The Court further finds that those matters subject to the Order and Judgment actually exist, and that Galt Ocean, by its regular, continuous and repeated failure to comply with Court Orders and attend court hearings, has intentionally and contumaciously violated the District Court's Order and Judgment and its violation thereof is clear and unambiguous.  CFTC v. Wellington Precious Metals, Inc., 950 F.2d 1525 (11th Cir.1992); Jordan v. Wilson, 851 F.2d 1290 (11th Cir.1988); U.S. v. Rizzo, 539 F.2d 458 (5th Cir.1976).  Whether Galt Ocean had before or has presently the "ability" to comply with the District Court's Order and Judgment is unknown, as Galt Ocean has not once, since the issuance of the District Court's Judgment in this case, ever complied with a court order or showed up at a hearing. Obviously this is something the

District Court can inquire into at any show cause hearing it may wish to schedule.[4]

Unfortunately, the undersigned, not being an Article III Judge, is without authority to find Galt Ocean in contempt of court.  It can, however, in accordance with the previously set forth certification of facts in accordance with  28 U.S.C. §636(e), recommend that Galt Ocean be found by the District Court to be in contempt of court, either by default if Galt Ocean, properly represented by counsel, fails to appear at an evidentiary  hearing to be scheduled in the future before the District Court and show cause for its intentional and contumacious conduct, or on the merits if Galt Ocean does appear at said hearing, properly represented by counsel, and fails to prove an "inability" to comply with the District Court's Judgment and Order, and this is precisely what the undersigned recommends be done here. In either of the foregoing events, the undersigned respectfully directs the District Court's attention to the "Specific Recommendations" set forth *supra* at pp. 12-20.

Brother requests an order be entered  finding Defendant Galt Ocean  in contempt of Court for failing to abide by the District Court's March 30, 2005 Judgment and Order which required  that  Galt  Ocean  conduct  certain  alterations  and  modifications  to  the

---

[3]  Only a district court may resolve issues of credibility and fact in contempt context. See Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 907-08 (3d Cir.1992) (district court erred in failing to conduct a de novo hearing after certification of contempt by magistrate judge); Bowens v. Atlantic Maintenance Corp, 546 F.supp.2d 55, 71-72 (E.D. N.Y. 2008)(same).

premises at Galt Ocean and additionally seeks an order compelling Galt Ocean to abide by the Judgment and Order, close the subject Premises to the public until all of the required alterations and modifications are completed, award Brother damages for Galt Ocean's alleged intentional breach and non-compliance, and award Brother its attorney's fees, expert's fees, litigation expenses and costs incurred incident to this matter. In accordance with the afore-referenced certification of facts, the above discussion, the relevant case law, and the following specific recommendations, the undersigned recommends that all of the relief sought by Brother herein be granted, in limited fashion and as more fully explained below.

## SPECIFIC RECOMMENDATIONS

(1)        In order to induce compliance with this Court's Order and Judgment, Brother asks and the undersigned recommends  that Defendant Galt Ocean be fined $1,000 for each day, or fraction thereof, during which it fails to comply in full with all of the remediation required by the Order and Judgment.  This fine is consistent with fines entered by the District Court in other contempt findings relating to ADA non-compliance.  See, Disability Advocates and Counseling Group, Inc., et al. v. Floval Oil Corporation, 05-23238-CIV-MARRA (D.E. #63).  It is further recommended that should the District Court find Galt Ocean to be in contempt of Court, the fine requested of $1,000 for each day, or fraction

thereof, during which Galt Ocean fails to comply in full with all of the remediation required by the Order and Judgment, be imposed, and that the fine commence the day following entry of the District's Court's Order finding contempt.  The Court further recommends the fine imposed continue to accrue until Galt Ocean has proven to the Court that it has complied in full with all terms of the Order and Judgment.

(2)     The Court also recommends that in accordance with Brother's request, the District Court retain jurisdiction to liquidate the fines, and allow Brother to move the Court, after full, proven compliance has been demonstrated or, at Brother's option, at earlier intervals, for the liquidation of those fines and for a judgment thereon.

(3)      It is further recommended that in accordance with Brother's request, the Court not permit Galt Ocean to continue to operate the subject public accommodation while it remains in violation of the ADA, and that the Court close the resort to the public until all of the required alterations and modifications are completed.   This relief is consistent with Page 23, paragraph 3 of the District Court's Order and Judgement which provides, *inter alia*, that "[i]f the alterations and modifications are not completed in all respects by September 30, 2005, then the resort shall be closed to the public until all of the required alterations and modifications are completed."

(4)      It is further recommended that should Galt Ocean be found to be in

contempt, then Plaintiff, as the prevailing party, should obtain an award of his post-Judgment and Order attorneys' fees, litigation expenses and costs from Galt Ocean.  As the prevailing party, Plaintiff is entitled to an award of those fees, litigation expenses and costs pursuant to 42 USC § 12205, which provides:

> In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . .

Id.

(5)   In this regard the undersigned recommends that should the District Court find Galt Ocean to be in contempt,  Plaintiff be awarded $19,492.32 in attorney's fees and costs, which is the full amount requested.  As the District Court is aware, the starting point in determining the reasonable amount of attorneys' fees to be awarded is to multiply the number of hours reasonably expended on the case by a reasonable rate, to arrive at what is termed the "lodestar" amount. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable hourly rate is the prevailing market rate in the relevant legal community for lawyers with comparable skill, experience and reputation for similar services. Id. 1299.

The Court notes and agrees with the statement made in Plaintiff's counsel's

declaration that Mr. Charouhis has over 24 years of experience as a practicing attorney and  "extensive experience in litigating cases under the Americans With Disabilities Act ("ADA"), having litigated approximately 400 ADA cases over the past 13 years, including trying several cases and litigating several class actions which will effect ADA compliance in thousands of retail locations." Charouhis Declaration.  The Court has also taken into account the Affidavit of Gil Haddad, submitted by Plaintiff's counsel as additional support, [5] in which Mr. Haddad opines that the present hourly rates of $425 for Mr. Charouhis and $90 for paralegal time are reasonable. Based on the above and foregoing, and consistent with Brother v. Floval Oil Corporation, 05-23238-CIV-MARRA.  The Court notes that Mr. Charouhis' knowledge and experience in the ADA area  is unrivaled and his legal work product is always thorough,  well reasoned and well supported.  At the same time the Court recognizes, that Mr. Charouhis specializes in a narrow are of the law where the issues and facts often overlap and the legal issues are not in any real state of flux. If it weren't for this fact, Mr. Charouhis might be entitled to an even higher hourly rate than the $425 sought. Based on the foregoing, the Court finds an hourly rate of $425 reasonable and in accordance with the prevailing market rate in the South Florida community for lawyers with comparable skill, experience and reputation for similar services.[6]

---

[4]  See D.E. #54-2

[5]  The Court finds the $90 hourly rate sought for Mr. Charouhis' paralegal, also, to be reasonable and well in line with the rates charged by paralegals in the South Florida area

The next step in the "Lodestar" analysis  is for the Court to determine the number of hours reasonably expended on the litigation to determine if the amount requested is reasonable. In this regard the undersigned has reviewed the time sheets submitted by Plaintiff's counsel,[7] and the Affidavit of Mr. Haddad wherein he opines that the hours sought are reasonable "for the time incurred and the services performed by those professionals." Haddad Aff. ¶ 7.   Based on the foregoing and upon independent review of the record in this case, the Court agrees with Plaintiff that the 44.30 hours claimed to have been expended  by Plaintiff's counsel on this case after the Court's March  30, 2005 Judgment and Order is a reasonable amount of time to have spent under the circumstances.  As a result, the Court finds that Plaintiff should be awarded attorney's fees in the amount of $19,492.32.  (based on an hourly rate of $425 for attorney Charouhis multiplied by the 42.10 hours submitted and found reasonable and an hourly rate of $90.00 for the paralegal multiplied by the 2.20 hours submitted and deemed reasonable.)

(6)    It is further recommended that upon a finding of contempt, the District Court award Plaintiff the $1,401.82 he seeks in litigation expenses and costs incurred after the Court's March 30, 2005 Order and Judgment.  The ADA provides for an award of costs, including  litigation  expenses,  in  addition  to  attorneys'  fees. 42  U.S.C.  §  12205;

_____

for similar services.

[7]    Attached as Exhibit "2" to the Declaration of William N. Charouhis, Esq.

16

Guckenberger v. Boston Univ., 1998 WL 300945 *1, *20 (D.Mass. May 29, 1998); Benson v. Northwest Airlines, 1997 WL 122897 *1. *5 (D.Minn. March 18, 1997).  Neither Section 12205, nor the statute on which it was based, 42 U.S.C. §1988, defines the term "costs." However, the Court agrees with Plaintiff that the inclusion of the term "litigation expenses, and costs" in the statute indicates that the intent was to make the statute much broader than simple "costs" statutes, and to allow for the recovery of all litigation expenses as well. In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that Plaintiff, Steven Brother's Motion for Contempt and for Court Enforcement of Order and Judgment (D.E. #52) be **GRANTED,**  either by default if Galt Ocean, properly represented by counsel, fails to appear at an evidentiary  hearing to be scheduled in the future before the District Court and show cause for its intentional and contumacious conduct, or on the merits if Galt Ocean does appear at said hearing, properly represented by counsel, and fails to prove an "inability" to comply with the District Court's Judgment and Order.   In either of the foregoing events, the undersigned respectfully directs the District Court's attention to the "Specific Recommendations" set forth *supra* at pp.12-17.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Kenneth A.

Marra, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert</u>. <u>denied</u>, 488 U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc</u>., 996 F.2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY SUBMITTED**, on May 28, 2010, in Chambers at West Palm Beach, Florida.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE


CC:___Hon. Kenneth A. Marra, United States District Judge
       All Counsel of Record
       Defendant Galt Ocean Manor Condominium Association
            delivery by fax (954) 561-9370 and by mail at:
            Galt Ocean Manor Condominium Assn.
            4040 Galt Ocean Drive
            Ft. Lauderdale, Fla. 33308

_____