UNITED STATES DISTRICT COURT
Southern District of Florida

CASE NO. 03-60129-CIV-MARRA

**STEVEN BROTHER,**

    **Plaintiff,**

vs.

**BFP INVESTMENTS, LTD., as Florida
limited partnership, GALT OCEAN MANOR
CONDOMINIUM ASSOCIATION, INC., and
TRIBECA STEAK AND CHOP HOUSE, INC.,
d/b/a Ocean Manor Resort Hotel,**

    **Defendants.**
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR CONTEMPT
AND FOR COURT ENFORCEMENT OF ORDER AND JUDGMENT,
AND JUDGMENT FOR PLAINTIFF**

THIS CAUSE came before the Court for hearing on July 13, 2010 on Plaintiff Steven Brother's ("Brother") Motion for Contempt and for Court Enforcement of Order and Judgment [DE 52] ("Motion"), United States Magistrate Judge Linnea R. Johnson's Report and Recommendation [DE 52], and Judge Johnson's Revised Report and Recommendation [DE 59]. The Court has reviewed the record and is otherwise fully advised in the premises.

Plaintiff's Motion was filed on August 3, 2009, yet it remains unopposed. Furthermore, Defendant Galt Ocean Manor Condominium Association, Inc. failed to appear at the July 13, 2010 hearing. Additionally, the records supports Plaintiff's entitlement to a finding of contempt and the granting of the Motion as otherwise set forth herein. This Order and Judgment is further supported by the Declaration of William N. Charouhis, Esq. (In Support of Plaintiff's Motion for Contempt

CASE NO.: 03-60129-CIV-MARRA

and for Court Enforcement of Order and Judgment) [DE 54-1], by the Affidavit of Gil Haddad [DE 54-2] and by the proffer and argument of William N. Charouhis, Esq. at the July 13, 2010 hearing.

Plaintiff's Motion alleged that Defendant Galt Ocean Manor Condominium Association, Inc. ("Galt Ocean") failed to abide by the Court's March 30, 2005 Order and Judgment [DE 45] ("Order and Judgment"). The Motion requested, among other things, that the Court find Defendant Galt Ocean in contempt of Court, compel Galt Ocean to abide by the Order and Judgment, close the subject premises to the public until all of the required alterations and modifications are completed, award Plaintiff damages for Galt Ocean's intentional breach and non-compliance, award Plaintiff's counsel all attorneys' and expert's fees, litigation expenses and costs incurred in this matter after the Order and Judgment, and grant such further relief that the Court deems just and proper.

Plaintiff initially filed an action against the defendants on January 29, 2003 [DE 1] seeking injunctive relief, as well as attorneys' and expert's fees, litigation expenses and costs against the defendants pursuant to 42 U.S.C. §12181, et seq., ("Americans With Disabilities Act" or "ADA") DE 1]. Plaintiff asserted that the defendants' premises, commonly known as the **Ocean Manor Resort Hotel**, located at **4040 Galt Ocean Drive, Fort Lauderdale, Florida** (hereinafter "subject premises"), violated the ADA and that the defendants discriminated against Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered by the defendants, and by failing to remove architectural barriers to allow access by individuals with disabilities.

On March 30, 2005 the Court granted Plaintiff's Motion for Summary Judgment and entered the Order and Judgment against Defendant Galt Ocean. See DE 45. Galt Ocean's current failure to respond to Plaintiff's Motion is consistent with its inaction and failure to defend throughout these

CASE NO.: 03-60129-CIV-MARRA

proceedings. In fact, it is noted that Plaintiff's Motion for Summary Judgment was granted, in part, because:

> Defendant Galt Ocean Manor Condominium Association, Inc. has failed to file a response to the Motion for Summary Judgment, which is in addition to its failure to obtain substitute counsel, fail[ed] to file a response to Plaintiff's motion regarding mediation (DE #31), fail[ed] to file a status report within thirty (30) days as required by this Court's Order Granting Leave to Withdraw (DE #33; 12/8/04), and fail[ed] to appear at the calendar call on January 21, 2005.

Order and Judgment for Plaintiff, DE 45, pg. 1.

The Order and Judgment specifically set forth certain modifications and alterations Galt Ocean was to make to the subject facility, and the time frame within which to complete them. The Order and Judgment provides, among other things,

> Defendant Galt Ocean Manor Condominium Association, Inc. shall make all alterations and modifications referenced in section II.B.1 (ADA Violations - Barriers to Access), pages 4 - 10 of this Order, to the Ocean Manor Resort Hotel, located at 4040 Galt Ocean Drive, Fort Lauderdale, Florida, on or before September 30, 2005. If the alterations and modifications are not completed in all respects by September 30, 2005, then the resort shall be closed to the public until all of the required alterations and modifications are completed.

See DE 45, Page 23, ¶ 3. Additionally, the Order and Judgment provides:

> This Court retains jurisdiction of the above-styled action to assure Defendant's subsequent compliance with this judgment and the Americans With Disabilities Act.

See DE 45, Page 24, ¶ 5.

The Court finds that Galt Ocean has ignored the Court's Order and Judgment and has failed to make the alterations and modifications timely, including, without limitation, failing to:

> A.   construct an accessible firm, stable path of access, of at least 3 feet in width, complying with 4.3 of Appendix A to 28 CFR part 36 (the "ADAAG"), from the sidewalk to the accessible building entrance (through the grass area on the north side of the resort), as required by and pursuant to page 3, ¶ 1 of the Order and Judgment;

B. post a sign at the drop-off/loading zone, containing a pictogram of the international symbol of accessibility and complying with 4.1.2.(7), 4.30.7 and Figures 43(a) and (b) of the ADAAG, identifying that area as the accessible drop-off/loading zone, as required by and pursuant to page 4, ¶ 2 of the Order and Judgment;

C. provide two (2) accessible parking spaces, complying with 4.6 of the ADAAG, in the parking area on the west side of Galt Ocean Drive, as required by and pursuant to page 4, ¶ 3 of the Order and Judgment;

D. modify the ramp leading to the entrance of the resort to have a clear, level landing at the top which complies with 4.8.4 of the ADAAG, and to have a slope of 1:12 or less, in compliance with 4.8.2 of the ADAAG, or provide an alternative ramp complying with 4.8 of the ADAAG providing such access, as required by and pursuant to page 4, ¶ 4 of the Order and Judgment;

E. modify the bell station counter to have a lowered accessible section, complying with 7.2 of the ADAAG, as required by and pursuant to page 4, ¶ 5 of the Order and Judgment;

F. modify each public elevator to comply with 4.10.4 of the ADAAG, as required by and pursuant to page 5, ¶ 8 of the Order and Judgment;

G. modify the signs identifying the men's and women's lobby level restrooms to comply with 4.30.3, 4.30.4, 4.30.5, 4.30.6, 4.30.7 and Figure 43 (a) and (b), as required by and pursuant to page 5, ¶ 10 of the Order and Judgment;

H. modify the doors leading into the men's and women's lobby level restrooms to either have the clear maneuvering clearances required by 4.13.6 of the ADAAG or to install a power door opener on those doors so they have the effective usability required by 4.13.6 of the ADAAG, as required by and pursuant to page 5, ¶ 13 of the Order and Judgment;

I. modify the men's and women's lobby level restrooms to each have an accessible toilet stall that complies with 4.17 of the ADAAG, as required by and pursuant to page 5, ¶ 14 of the Order and Judgment;

J. modify the men's and women's lobby level restrooms to each have at least one accessible lavatory that complies with 4.22.6, 4.23.6 and 4.19 of the ADAAG, as required by and pursuant to page 6, ¶ 15 of the Order and Judgment;

K. relocate the fire alarms (strobes) in the men's and women's lobby level restrooms to be on the wall no higher than 80 inches above the finisher floor, in compliance with

CASE NO.: 03-60129-CIV-MARRA

    4.28.3(6) of the ADAAG, as required by and pursuant to page 6, ¶ 16 of the Order and Judgment;

L.     provide at least one accessible urinal in the men's lobby level restroom that complies with 4.18 of the ADAAG, as required by and pursuant to page 6, ¶ 18 of the Order and Judgment;

M.     provide an accessible mirror in the men's lobby level restroom which is mounted so that the bottom of the reflecting surface is no more than 40 inches above the finished floor, in compliance with 4.19.6 of the ADAAG, as required by and pursuant to page 6, ¶ 19 of the Order and Judgment;

N.     modify the ramp entering the pool area to have a slope of less than 1:12, in compliance with 4.8.2 of the ADAAG, and to have handrails on both sides of the ramp which comply with 4.8.5 of th ADAAG, as required by and pursuant to page 6, ¶ 20 of the Order and Judgment;

O.     provide at least one accessible table in the pool area which complies with 4.32.3 and 4.32.3 of the ADAAG, as required by and pursuant to page 8, ¶ 28 of the Order and Judgment;

P.     provide at least one accessible drinking fountain on the pool area which complies with 4.15 of the ADAAG, as required by and pursuant to page 8, ¶ 29 of the Order and Judgment;

Q.     modify the signs identifying the men's and women's pool area restrooms to comply with 4.30.3, 4.30.4, 4.30.5, 4.30.6, 4.30.7 and Figure 43 (a) and (b), as required by and pursuant to page 8, ¶ 30 of the Order and Judgment;

R.     modify the doors into the men's and restrooms pool area restrooms so that the handles are easy to grasp with one hand and so that they do not require tight grasping, tight pinching or twisting of the wrist to operate, in compliance with 4.13.9 of the ADAAG, as required by and pursuant to page 8, ¶ 31 of the Order and Judgment;

S.     modify the doors into the men's and women's pool area restrooms to have a clear opening of 32 inches with the doors open 90 degrees, measured between the face of the doors an the opposite stop, in compliance with 4.13.5 of the ADAAG, as required by and pursuant to page 8, ¶ 32 of the Order and Judgment;

T.     modify the pool area men's and women's restrooms to each have an accessible toilet stall or toilet room that complies with 4.17 or 4.22 of the ADAAG, as required by and pursuant to page 8, ¶ 33 of the Order and Judgment;

U.      modify the pool area men's and women's restrooms to each have at least one accessible lavatory that complies with 4.22.6, 4.23.6 and 4.19 of the ADAAG, as required by and pursuant to page 9, ¶ 34 of the Order and Judgment;

V.      lower at least one paper towel dispenser in the men's and in the women's pool area restrooms so that the operational controls and the towels are reachable within the reach parameters prescribed by 4.2.5 and 4.2.6 of the ADAAG, as required by and pursuant to page 9, ¶ 35 of the Order and Judgment;

W.      provide an accessible mirror in both the men's and women's pool area restrooms which is mounted so that the bottom of the reflecting surface is no more than 40 inches above the finished floor, in compliance with 4.19.6 of the ADAAG, as required by and pursuant to page 9, ¶ 36 of the Order and Judgment;

X.      provide at least one accessible table in the Tiki Bar pool area which complies with 4.32.3 and 4.32.3 of the ADAAG, as required by and pursuant to page 9, ¶ 37 of the Order and Judgment;

Y.      construct an accessible firm, stable path of access, of at least 3 feet in width, complying with 4.3 of the ADAAG, to the pool shower, as required by and pursuant to page 9, ¶ 38 of the Order and Judgment;

Z.      modify the pool shower control so that it is reachable within the reach parameters prescribed by 4.2.5 and 4.2.6 of the ADAAG, as required by and pursuant to page 9, ¶ 39 of the Order and Judgment;

AA.      provide an accessible firm, stable path of access, of at least 3 feet in width, complying with 4.3 of the ADAAG, to the private beach, as required by and pursuant to page 10, ¶ 40 of the Order and Judgment.

In his Motion, Plaintiff seeks an order from the Court finding Defendant Galt Ocean in civil contempt of Court for failing to abide by the directives in the Order and Judgment, closing the subject premises to the public until all of the required alterations and modifications are completed, sanctioning Galt Ocean, and awarding Plaintiff damages plus all attorneys' and expert's fees, litigation expenses and costs incurred by Plaintiff's counsel in this cause since the March 30, 2005 Order and Judgment.

CASE NO.: 03-60129-CIV-MARRA

## I.  ANALYSIS

The Court expressly "retain[ed] jurisdiction of [this] action to ensure Defendant's subsequent compliance with [the Order and Judgment] and the Americans With Disabilities Act." DE 45, p5. 24, ¶ 5.

The Court finds by clear and convincing evidence that its Order and Judgment was valid and lawful as well as clear, definite and unambiguous; and that Defendant has intentionally and contumaciously violated the Court's Order and Judgment.

Th Court further finds that Defendant Galt Ocean has failed to show, or even attempt to show, that it made any effort to comply with the Order and Judgment or that compliance therewith was impossible.

Therefore, Plaintiff' Motion is **GRANTED.**  The Court's finds Defendant Galt in contempt of Court.  *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525 (11th Cir.1992); *Jordan v. Wilson,* 851 F.2d 1290 (11th Cir.1988); and (3); *U.S. v. Rizzo,* 539 F.2d 458 (5th Cir. 1976).  The Court also notes, as addressed above, and as further support for this Order and finding of contempt, that throughout these proceedings Galt Ocean has repeatedly, intentionally and contumaciously violated and ignored the Court's Orders, and its present failure to comply is consistent with those prior failures.  In that regard, the Court also notes Defendant Galt Ocean's failure to comply with the terms of Magistrate Johnson's Order treating Brother's initial Motion for Contempt as a motion to Compel [DE 55], its failure to respond to Magistrate Johnson's Order to Show Cause [DE 56], its failure to file any response or objection to Magistrate Johnson's Report and Recommendation [DE 57] or her Revised Report and Recommendation [DE 59] and its failure to appear at the July 13,

CASE NO.: 03-60129-CIV-MARRA

2010 hearing, through counsel or a representative.

In order to induce compliance with this Court's Order and Judgment, Defendant Galt Ocean shall be, and is hereby, fined $1,000 for each day, or fraction thereof, during which it fails to comply in full with all of the remediation required by the Order and Judgment.  This fine is consistent with fines entered by this Court in other contempt findings relating to ADA non-compliance.  *See*, *Disability Advocates and Counseling Group, Inc., et al. v. Floval Oil Corporation*, 05-23238-CIV-MARRA; DE 63.  The $1,000 fine shall commence the day following entry of this Order, and shall continue to accrue until Galt Ocean has proven to the Court that it has complied in full with all terms of the Order and Judgment.  The Court also retains jurisdiction to liquidate the fines, and Plaintiff may move the Court, after full, proven compliance has been demonstrated or, at his option, at earlier intervals, for the liquidation of those fines and for a judgment thereon.

The Court will also not permit Defendant Galt Ocean to continue to operate the subject public accommodation while it remains in violation of the ADA, and will grant Plaintiff's request that the Court close the resort to the public until all of the required alterations and modifications are completed.  That relief is consistent with Page 23, paragraph 3 of the Order and Judgement which provides, *inter alia*, that "[i]f the alterations and modifications are not completed in all respects by September 30, 2005, then the resort shall be closed to the public until all of the required alterations and modifications are completed."  The relief of ceasing Defendant Galt Ocean from continuing to operate the subject public accommodation while it remains in violation of the ADA, and the Court closing the resort to the public until all of the required alterations and modifications are completed, as provided by this paragraph, shall commence thirty (30) days following entry of this Order, <u>unless</u>

CASE NO.: 03-60129-CIV-MARRA

Defendant Galt Ocean has demonstrated to the Court within those 30 days that it has made progress towards compliance in full with all terms of the Order and Judgment. The relief granted by this paragraph shall continue thereafter until Galt Ocean has proven to the Court that it has complied in full with all terms of the Order and Judgment. In the event that Defendant Galt Ocean demonstrates progress towards compliance within 30 days following entry of this Order, Defendant Galt Ocean shall have 90 days following entry of this Order to comply in full with all terms of the Order and Judgment. If full compliance is not effected by this deadline, Plaintiff may move the Court for the relief granted by this paragraph.

Plaintiff also seeks an award of his post-Order and Judgment attorneys' fees, litigation expenses and costs from Galt Ocean. Plaintiff, as the prevailing party, is entitled to an award of those fees, litigation expenses and costs pursuant to 42 USC § 12205, which provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs...

Plaintiff is entitled to an award against Defendant Galt Ocean of his attorneys' fees, litigation expenses and costs incurred in this action after the March 30, 2005 Order and Judgment. The relief obtained by Plaintiff in this cause will not only benefit him, but every other individual with a disability who enters into and/or uses the subject resort. Therefore, Plaintiff is entitled to an award of attorneys' fees equal to the unreduced lodestar amount where, as here, the public interest is also served. _Villano v. City of Boynton Beach_, 254 F.3d 1302, 1305 (11th Cir. 2001)(In analyzing plaintiff's fee application the Court must also consider the benefits the public as a whole obtained from this civil rights action); _Duckworth v. Whisenant_, 97 F.3d 1393 (11th Cir. 1996), _Williams v._

*Roberts*, 904 F.2d 634 (11th Cir. 1990), *Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996).

In this situation, "the public as a whole benefits from this civil rights litigation, as distinguished from a private tort suit where only the individual plaintiff benefits. . . . "[S]uccess in a civil rights claim is measured differently than success in a private tort claim. Indeed, 'Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large, irrespective of whether the action seeks monetary damages. . . . Moreover, the Supreme Court has articulated th[is] distinction [by stating that] '[u]nlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'" *Villano*, 254 F.3d at 1305 (*quoting*, *Blanchard v. Bergeron*, 489 U.S. 87, 96, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) and *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)

Therefore, the Court finds that Plaintiff shall be awarded against Defendant Galt Ocean all fees, litigation expenses and costs he incurred in this action after the Court's March 30, 2005 Order and Judgment.

### A.  Attorneys' Fees

### 1.  A Reasonable Hourly Rate

Plaintiff's counsel submitted records, attached to his declaration, showing the attorneys' fees, litigation expenses and costs incurred in this matter since the March 30, 2005 Order and Judgment. Plaintiff's counsel also proffered at the July 13, 2010 hearing as to additional attorney's fees, litigation expenses and costs incurred after the August 3, 2009 filing of Plaintiff's Motion for Contempt and Court Enforcement [DE 52].

CASE NO.: 03-60129-CIV-MARRA

The starting point in determining fees to be awarded to is multiply the number of hours reasonable expended on the case by a reasonable rate, to arrive at what is termed the "lodestar" amount. <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services of lawyers with comparable skill, experience and reputation. *Id.* 1299. The Declaration of William N. Charouhis indicates the following current applicable rates:

William N. Charouhis (senior partner) - $425.00 per hour

Brandi Ward (paralegal) - $90.00 per hour

Plaintiff's counsel has "extensive experience in litigating cases under the Americans With Disabilities Act ("ADA"), having litigated approximately 400 ADA cases over the past 13 years, including trying several cases and litigating several class actions which will effect ADA compliance in thousands of retail locations." Charouhis Declaration. Plaintiff's counsel also submitted to the Court as additional support for the fees sought an Affidavit of Gil Haddad (Regarding Reasonable Attorneys' Fees)[DE 54-2], in which Mr. Haddad opines that the present hourly rates of $425 for Mr. Charouhis and $90 for paralegal time are reasonable. Additionally, it is reasonable that Mr. Charouhis' hourly rate should be $425 given his 24 years in practice, his having concentrated in the litigation of ADA and disability matters for 13 years, his having litigated approximately 400 such ADA cases, including several class actions, and his AV rating by Martindale-Hubbell. Further, the rate of $90 per hour for paralegal time is also reasonable.

In addition to the foregoing, the Court has also considered its own knowledge and experience concerning reasonable and proper attorneys' fees, and has formed an independent judgment on the

reasonableness of the rates awarded herein based upon that knowledge and experience. *Norman*, 836 F.2d at 1303; *Loranger v. Stierheim*, 10 F.3d 776, 781. In arriving at its determination, the Court has also considered fee awards in similar cases, the attorneys' customary fees, the time involved in the case, the novelty and difficulty of the type of case, preclusion of other employment while the action is pending, the undesirability of the case, whether the fee was fixed or contingent, the attorneys' level of skill and experience, and the attorneys' ongoing relationship with the client. *Norman*, 836 F.2d at 1299; *Mallory v. Harkness*, 923 F.Supp. 1546, 1555 n.5 (S.D. Fla. 1996, *aff'd*, 109 F.3d 771 (11th Cir. 1997).

Considering the Court's knowledge of the rates charged by attorneys in the Southern District of Florida and the other matters set forth above, the Court finds that the hourly rate of $425 for Mr. Charouhis and $90 for paralegal time are reasonable for the work performed in this case. The Court also notes the rate of $425 per hour for Mr. Charouhis was recently found by this Court to be a reasonable hourly rate in an identical ADA case litigated by him. See, *Disability Advocates and Counseling Group, Inc., et al. v. Floval Oil Corporation*, case number 05-cv-23238-KAM [DE 73, pg. 2]

The Court also notes that Plaintiff's counsel has been delayed in receiving payment for some of its fees and costs for several years. As such, the use of counsel's current rate of $425 per hour should be applied to all time incurred to properly account for inflation and delay in receipt of payment, and the calculations and judgment herein are based upon those current hourly rates. *Behrens v. Wometco Enter.*, 118 F.R.D. 534 (S.D.Fla. 1988); *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *Johnson v. University College of University of Ala. in*

CASE NO.: 03-60129-CIV-MARRA

*Birmingham*, 706 F.2d 1205, 1210-11 (11th Cir. 1983). The Court also finds that the hourly rates awarded herein are commensurate with the amount and type of work Plaintiff's counsel did in this case.

### 2. The Hours Reasonable Expended

The next step is for the Court to determine the number of hours reasonably expended. The Court has reviewed and considered the time sheets submitted by Plaintiff's counsel, attached as Exhibit "2" to the Declaration of William N. Charouhis, Esq., the Affidavit of Mr. Haddad wherein he opines that the hours sought are reasonable "for the time incurred and the services performed by those professionals" [Haddad Aff. ¶ 7], and the proffer of Mr. Charouhis regarding the additional post-filing attorney's fees, litigation expenses and costs which have been incurred. The Court does not find any work excessive or duplicative, and finds 52.60 hours in attorney time and 2.20 in paralegal time is a reasonable amount of time to have spent on this case after the Court's March 30, 2005 Order and Judgment. As a result, the Court finds the "lodestar" amount to be $22,553.00 determined as follows:

| Timekeeper | Hrs. | Rate | Atty. Total |
|---|---|---|---|
| William N. Charouhis | 52.60 | 425.00 | 22,355.00 |
| Brandi Ward (paralegal) | 2.20 | 90.00 | 198.00 |
| TOTAL | 58.80 | | 22,553.00 |

### 3. Costs

The ADA provides for an award of costs, including litigation expenses, in addition to attorneys' fees. 42 U.S.C. § 12205; *Guckenberger v. Boston Univ.*, 1998 WL 300945 *1, *20 (D.Mass. May 29, 1998); *Benson v. Northwest Airlines*, 1997 WL 122897 *1. *5 (D.Minn. March 18, 1997). Neither Section 12205, nor the statute on which it was based, 42 U.S.C. §1988, defines

the term "costs." However, the inclusion of the term "litigation expenses, and costs" in the statute indicates that the intent was to make the statute much broader than simple "costs" statutes, and allow for the recovery of all litigation expenses as well.

The Court has carefully reviewed Plaintiff's request for $1,401.82 in litigation expenses and costs incurred after the Court's March 30, 2005 Order and Judgment, and has determined that those litigation expenses and costs are reasonable and appropriate, and are well within the more expansive definition of 42 U.S.C. § 12205. Therefore, the Court will award the full amount of $1,401.82 for litigation expenses and costs.

### III.  CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Judge Johnson's Report and Recommendation [DE 52], and Judge Johnson's Revised Report and Recommendation [DE 59] are **ADOPTED**, in accordance with this Order.

2. Plaintiff's Motion for Contempt and for Court Enforcement of Order and Judgment [DE 52] is **GRANTED**.

3. The Court's finds Defendant **Galt Ocean Manor Condominium Association, Inc.** in civil contempt of Court for failure to abide by the directives in the Order and Judgment [DE 45], and is in continuing violation of the ADA as a result thereof.

4. In order to induce compliance with this Court's Order and Judgment, Defendant **Galt Ocean Manor Condominium Association, Inc.** shall be, and is hereby, fined $1,000 for each day, or fraction thereof, during which it fails to comply in full with all of the remediation required by and in accordance with the Order and Judgment. The $1,000 fine

shall commence the day following entry of this Order, and shall continue to accrue until Defendant has proven to the Court that it has completed all alterations and modifications required by the Order and Judgment. The Court also retains jurisdiction to liquidate the fines and enter further judgment thereon, and Plaintiff may move the Court, after full, proven compliance has been demonstrated or, at his option, at earlier intervals, for the liquidation of those fines and judgment thereon.

5. <u>Unless</u> Defendant Galt Ocean demonstrates to the Court within thirty (30) days following entry of this Order that it has made progress towards compliance in full with all terms of the Order and Judgment, Defendant, **Galt Ocean Manor Condominium Association, Inc.** shall cease operating the subject premises as a resort, hotel, transient lodging facility or other public accommodation, and Defendant, **Galt Ocean Manor Condominium Association, Inc.**, may not again operate the subject premises as a resort, hotel, transient lodging facility or other public accommodation unless and until it has proven to the Court that it has completed all alterations and modifications required by the Order and Judgment. In the event that Defendant Galt Ocean demonstrates progress towards compliance within 30 days following entry of this Order, Defendant Galt Ocean shall have 90 days following entry of this Order to comply in full with all terms of the Order and Judgment. If full compliance is not effected by this deadline, Plaintiff may move the Court for the relief granted by this paragraph.

6. Plaintiff, Steven Brother shall also recover from **Defendant Galt Ocean Manor Condominium Association, Inc.** $22,553.00 in attorneys' fees and $1,401.82 in costs, for

CASE NO.: 03-60129-CIV-MARRA

a total of $23,954.82, which amount shall bear interest at the rate of 0.28% per annum, for which judgment is hereby entered against **Defendant Galt Ocean Manor Condominium Association, Inc.**, and for which execution shall issue.

7.  The Court also retains jurisdiction over this action to assure **Defendant Galt Ocean Manor Condominium Association, Inc.** subsequent compliance with the Order and Judgment, with this second Order and Judgment, and with the Americans With Disabilities Act.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of July, 2010.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:

William N. Charouhis, Esq.
William N. Charouhis & Associates, LLP
Suite 1750 • Brickel Bayview Centre
Eighty Southwest Eighth Street
Miami, Florida 33130

Galt Ocean Manor Condominium Association, Inc.
c/o its President and Director:
Frank Talerico
4040 Galt Ocean Drive
Fort Lauderdale, Florida  33308